# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL TORIBIO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| DC PORTFOLIO SERVICE, LLC and ABRAHAMSEN GINDIN LLC, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

AND NOW COMES, Plaintiff, CRYSTAL M. TORIBIO, by and through her attorneys, and hereby sets forth the following allegations in support of her Complaint:

## JURISDICTION and VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §1331, pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. ("FCEUA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Crystal Toribio is a natural person who resides in the City of Pen Argyl, County of Northampton, state of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and 73 P.S. §2270.3, and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a), and/or a person affected by a violation

of the FCEUA with standing to bring this claim under 73 P.S. §2270.1 et seq.

5. Defendant Abrahamsen Gindin LLC is a Pennsylvania Limited Liability Company with a principal place of business located at 245 Main Street, Suite 100, Dickson City, PA 18519 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and 73 P.S. § 2270.3.

6. Defendant DC Portfolio Services, LLC ("DC") is a Pennsylvania Limited Liability Company with a principal place of business of 245 Main Street, Suite 101, Dickson City, PA 18519 and is a "creditor" as that term is defined by 73 P.S. § 2270.3.

## FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred a financial obligation in the amount of $1,110.05 (the "Debt") that was primarily for personal, family, or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. §1692a(5).

8. Sometime thereafter, the Debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

9. Plaintiff filed a Chapter 7 bankruptcy petition on June 7, 2021.

10. The debt was subject to this Chapter 7 bankruptcy as it arose, if at all, prior to the filing of the petition.

### *Illegal Contact*

11. Following the bankruptcy filing, Defendant DC through its attorney, Abrahamsen Gindin LLC, filed a lawsuit against Plaintiff in the Northampton County Magisterial District Court in an effort to collect this Debt, which was subject to bankruptcy protection; said conduct constituted a "communication" as defined by 15 U.S.C. §1692a(2).

12. Among other things, this communication was false and misleading as it represented that Plaintiff owed this debt, when in fact, the debt was subject to the Chapter 7 bankruptcy.

13. Under 15 U.S.C. §1692f(1), it is unfair and unconscionable for Defendants to attempt to collect this debt, when federal law does not permit the collection of such a debt and the debt is subject to the automatic stay of 11 U.S.C. §362 issued by the federal bankruptcy court.

14. The above-described collection communication made to Plaintiff by Defendants was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692b(6), 1692c(c), 1692d(5), 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), and 1692f(1).

### COUNT I: ABRAHAMSEN GINDIN LLC
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

15. Plaintiff hereby incorporates paragraphs 1 through 14 above as if the same were set forth more fully at length herein.

16. At all relevant times, Joshua Borer, Esquire was serving as an agent or employee of Defendant Abrahamsen Gindin, LLC.

17. 15 U.S.C. §1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

18. Defendant violated Section 1692d by continuing to attempt to collect a debt subject to a Chapter 7 bankruptcy.

19. 15 U.S.C. § 1692e(2) prohibits making false representations about a debt.

20. Defendant violated Section 1692e(2) by representing that DC was entitled to payment, and demanding payment from Plaintiff on a debt subject to Chapter 7 bankruptcy.

21. 15 U.S.C. § 1692e(7) prohibits making false representations that "the consumer committed any crime or other conduct in order to disgrace the consumer."

22. Defendant violated Section 1692e(7) by representing to Plaintiff that she was obligated to pay

DC on this debt in order to disgrace Plaintiff and deny her the "fresh start" to her financial life promised by the federal bankruptcy code.

23. 15 U.S.C. §1692e(8) prohibits communicating false information about a debt.

24. Defendant violated Section 1692e(8) by repeatedly communicating to Plaintiff that she owed a debt to DC even though Plaintiff had no such obligation.

25. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

26. Defendant violated Section 1692e(10) by sending false and deceptive communications demanding payment for the debt in order to deceive Plaintiff into paying on a defaulted and discharged debt.

27. 15 U.S.C. §§1692f and 1692f(1) prohibit unfair and unconscionable practices by a debt collector to collect a debt, including "the collection of any amount... unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

28. Defendant violated Sections 1692f and 1692f(1) by attempting to collect a defaulted debt from Plaintiff which was subject to Chapter 7 bankruptcy, and which may not be collected under federal law.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiff.

30. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages as due to these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal

privacy.

31. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Abrahamsen Gindin LLC:

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant Abrahamsen Gindin LLC;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Abrahamsen Gindin LLC;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant Abrahamsen Gindin LLC; and
- for such other and further relief as may be just and proper.

**COUNT II: ALL DEFENDANTS**
**THE FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270.1 *et seq.* and**
**PA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("CPL"),**
**73 .S. § 201-1 *et seq.***

32. Plaintiff hereby incorporates paragraphs 1 through 31 above as if the same were set forth more fully at length herein.

33. Defendants violated the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. §2270.1 et seq. by the following conduct:

   a. attempting to collect a debt that is not permitted by law;

   b. giving a false representation of the legal status of the alleged debt; and

   c. making threats to take action, which cannot legally be taken.

d. Defendants' violation of the FCEUA is a *per se* unfair or deceptive trade practice, pursuant to 73 P.S. §2270.5(a).

34. Plaintiff has suffered an ascertainable loss as a result of that unfair or deceptive act or practice, and she is owed treble damages, costs, and reasonable attorney's fees under 73 P.S. §201-9.2(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against each and every Defendant.

## COUNT III: ALL DEFENDANTS
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. Plaintiff hereby incorporates paragraphs 1 through 34 above as if the same were set forth more fully at length herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

37. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

38. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by

unlawfully attempting to collect a debt, which actions invaded Plaintiff's privacy.

39. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

40. Plaintiff was extremely frustrated, upset, and angry that Defendants continued to illegally attempt to collect this debt and Plaintiff felt that she had been denied her right to be free of post-bankruptcy collection harassment and to the financial fresh start as promised by the federal bankruptcy code.

41. The conduct of Defendants, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages from Defendants in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

/s/ Joshua B. Goldberg, Esquire
Joshua B. Goldberg
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899
Fax: 484-544-8625